United States District Court
District of Massachusetts

Carlos Sanches a/k/a
Mario Agudelo
    Petitioner

v.                                  C.A. No.

John Ashcroft
    Attorney General
David Mac Donald
    U.S. Marshall Services
Department of Homeland Security/BICE
    Fomerly Known as I.N.S.
Christine Hillman/Records Keeper
    Massachusetts Department of Correction
        Respondents

**Motion for a Writ of Habeas Corpus
Pursuant to Title 28 USC § 2241**

1. The Petitioner Carlos Sanchez a/k/a Mario Agudelo, is a prisoner, presently incarcerated with the Massachusetts Department of Correction [hereafterin DOC], and a citizen of Columbia.

2. The Respondent John Ashcroft, who is the attorney General for the United States, is responsible for enforcing any Orders issued by any of the United States Courts.

3. The Respondent David Mac Donald, an agent of United States Marshall Services, is responsible for enforcing any and all orders issued by any United States Courts.

4. The respeondent's Department of Homeland Security/BICE formerly known as Immigration and Naturalization Services,

-1-

is responsible in executing any and all orders issued by the United States Immigration Courts, especially orders to deport.

## Jurisdiction

5. This Honorable Court has jurisdiction in this action pursuant to 8 USC § 1101 (a) (43) (B) [defining aggravated felonies]; 8 USC § 1228 (a) (3) (B) (c) (5); 8 USC § 1252 (d) (e) (2); [A.E.D.P.A.] S 440 (d) [1996], and 28 USC S 2241.

## Facts

6. The Petitioner "Sanchez" [hereafetrin Sanchez] was convicted of aggravated felonies in 1987. He received 5 yrs to 10 yrs sentence, with a 10 yrs. to 15 yrs. sentence suspended with probation from and after the 5 yrs to 10 yrs sentence.

7. "Sanchez" in 1992 was reviewed by the Immigration Court. After Justice Shapiro's review issued an order for Deportation to Columbia on January 21, 1992. That upon "Sanchez's" release from the sentence he was presently serving.

8. The Respondent Christine Hillman [hereafterin Hillman] the records keeper for the Massachusetts Department of Correction [hereafterin DOC] had informed "Sanchez" that his sentence would expire on September 22, 1995.

9. "Sanchez" inquired as to the status of the deportation order, and "Hillman" stated that there were no "I.N.S." warrants or orders for deportation. I was released from Custody on September 22, 1995, directly to the Street. (see, Exhibit 7).

10. The respondent "Hillman", never informed "Sanchez" of his condition of probation. "Hillman alleges that she informed "Sanchez" by U.S. Mail on September 27, 1995. Five days after his release from MCI-Norfolk.

11. "Hillman alleges she mailed the information of probation to 333 Columbus Avenue, Boston. "Sanchez" never received the alleges notification as to his probation stipulation. "Sanchez's" residents was 176 Huntington Avenue, Boston, Mass.

12. "Hillman" finally served a copy of "Sanchez's" notice of probation, after "Sanchez" was returned to prison in March of 1998. (see, Exhibit 1-F).

13. The Respondents Department of Homeland Security/ formerly Immigration and Naturalization Services, (hereafter in I.N.S.). "I.N.S." failed to execute the order for deportation of "Sanchez" back to his native country Columbia.

14. Both "Hillman" and "I.N.S." failed to comply with JUstice Shapiro's order to deport "Sanchez" upon his release from MCI-Norfolk. The order was issued On January 21, 1992.

15. Since "Sanchez" probation revocation he has on numerous occasionpetitioned the Immigration for relief. Because the records keeper "Hillman", "DOC" and I.N.S., failed to execute the Order for removal and deportation of "Sanchez" back to Columbia.

16. On May 30, 2003, "Sanchez" petitioned the Immigration Court to Re-open and/or Reconsideration, after numerous inquiries of the status of "Sanchez's" removal dating back to July of 1999. ( see, original motion marked as Exhibit 1 , with it's original Exhibit A thru M ).

17. The respondent David Mac Donald an officer with the United States Marshall services, (hereafterin Mac Donald). On June 24, 2003 approximately 1:20 Pm "Mac Donald" had visted "Sanchez" at Old Colony Correctional Center.

18. "Mac Donald" had spoken to "Sanchez" without an interpretor about his motion to Re-open and /or Reconsideration of this case. "Mac Donald" said to "Sanchez" that the case would not be Re-openned, knowing that the allegation of that "DOC" and "INS" had erred by their action with the order by Justice Shapiro to remove and deport "Sanchez" upon his release.

19. The Order to deport was issued on January 21, 1992. "Sanchez" was released on September 22, 1995. "Hillman", "Mac Donald" and "INS" all failed to execute the order of removal and to deport "Sanchez" back to Columbia.

20. At no time has "Sanchez" sought to reverse the order to deport him back Columbia. "Sanchez only seek the enforcement of Justice Shapiro order Nunc Pro Tunc back to the effective date that ought to have been done on September 22, 1995.

21. On June 27, 2003, the Immigration Court, Justice Shapiro, issued the denial of "Sanchez's" motion to re-open

and/or reconsideration. Shapiro cited that the enforcement of the deportation order is strictly within the jurisdiction of "I.N.S.", (now known as Homeland Security).

22. On July 25, 2003, "Sanchez" filed his notice of appeals to the court administrator of the Immigration Court (Robert Halpin). After receiving no response to the notice of appeal "Sanchez" had no knowledge if the record was being assembled for the Immigration Board of Appeals (hereafterin B.I.A.). So on August 8, 2003 "Sanchez" forward a second missive to the court administrator (Halpin) as to the status the assembly of the record for appeals. (Halpin) responded on August 12, 2003. ( see, Exhibit 4 ).

23, "Sanchez" responded to (Halpin's) missive on August 18th aand 19, 2003. Per (Halpin's) request "Sanchez forward notice to the Office of Homeland Security/BICE TAU, formerly known as "I.N.S.". (Halpin) responded to Sanchez missive on August 25, 2003, that the record has been compiled for "B.I.A.". "Sanchez" never received a reply from (BICE TAU) "I.N.S."

24. "Sanchez" filed his appeals on September 23, 2003 with "B.I.A." . ON February 27, 2004 the acting Chief Clerk Frank Krider sent the notice of a denial of the appeals. Neither the Immigration Justice Shapiro or the "B.I.A." reviewed "Sanchez's" Motion to Re-open and/or reconsideration of the case at bar.

25. "Sanchez" filed mhis motion to re-open and/or reconsideration with renewed hopes that he would be afforded Due Process, but this was denied. "Sanchez" order for removal and deportation to Columbia, stands. The Order was originally issued By Justice Shapiro, on January 21, 1992. "Sanchez" sentenced did expire on September 22, 1995, and should have been deported to Columbia, his petition to re-open and/or reconsideration, was for an expedited order for removal, Nunc Pro Tunc to the date of his release (9/22/95).

26. "Sanchez" was released and free from all custody, without knowledge of probation. "Hillman" only stated to "Sanchez that their were no orders to deport. "Hillman" and "DOC" served "Sanchez with his certificate of discharge upon his release. (see, Exhibit 7).

27. "Sanchez received a probation surrender hearing on March 18, 1998. The Court Justice McDaniels revocated "Sanchez" probation, and imposed 10 yrs to 15 yrs sentence for violating his probation. "Sanchez" had no knowledge of probation, until the hearing and received the notice upon his return to "DOC".

28. "Sanchez" states bur for the error of "Hillman", "I.N.S.", "DOC", "Ashcroft", and "MacDonald", that he would have been returned to Columbia, and the alleged probation would be null and void. "Sanchez" would not be serving a sentence of 10 yrs to 15 yrs for probation violation.

29. All repondents failed to execute the order of removal and to deport "Sanchez" back to Columbia on September

22, 1995, the date his sentence expired, ( see, Shapiro's Order dated january 21, 1992).

30. "Sanchez" only sought by the Immigration Court and "B.I.A." a complete review of his motion to re-open and/or reconsideration of the issues and merits cited within his petition.

31. "Sanchez" seeks that either court issue an expedited order for removal, to deport "Sanchez" back to Columbia, Nunc Pro Tunc, correcting the error by each of the respondents making the effective date what it ought to have been September 25, 1995.

32. "B.I.A." states that "Sanchez's" appeal was untimely. But Under the circimstances, the failures and errors created by each respondent to execute the order for removal and deport "Sanchez" back to Columbia pursuant to [Shapiro's Order]. But for the advertant act of "Hillman" and "DOC", citing **NO Order to Deport "Sanchez" Exist, that date that "Hillman" and "DOC" released him under a certificate of discharge.**

33. "Sanchez" states the only issue at bar, is that he should have been deported on September 22, 1995, pursuant to [Shapiro's Order on 1/21/92], on the date of "sanchez's" release (9/22/95). (see Exhibit 7 ).

34. The inadvertant or advertant act of Each of the respondents did not cross check each others acts. "Sanchez" did inquire as to the status of the I.N.S. order to deport as the records keeper "Hillman" and "DOC" erred not only

with the removal order. They also failed to inform "Sanchez" as to his stipulation of Probation. It wasn't until his return to prison when "Sanchez actually received his notice of probation from "Hillman". But she alleges she mailed on September 27, 1995.

35. "Hillman" Alleges that she mailed the probation notice on (9/27/95) to 33 Columbus Avenue, Boston, Mass. When in fact "Sanchez" lived 176 Huntington Avenue, Boston.

### CLIAMS FOR RELIEF

"Sanchez was made to suffer at the hands of each of the Repondents, All Government Agencies failed to execute the Order for Removal and Deport [Carlos Mario Agudelo Sanchez] back to his native country Columbia on Sptember 22, 1995.

"Sanchez" claims for relief is to Issue an Order Nunc Pro Tunc, to expeditiously remove and deport him to his native land Columbia. Whereas Each of the respondents cited herein failed to execute the order for Removal and to deport when it ought to have been done pursuant to the Order on January 21, 1992 by Justice Shapiro.

**Wherefore:** The Petitioner "Sanchez" moves this Honorable Court to issue and Order to the Clerk to issue the writ inconjunction with the deportation order Nunc Pro Tunc, and to expedite the removal of "Sanchez" to Columbia forthwith and without delay showing the effective date of September 22, 1995.

Date 5/5/04                                    Respectfully Submitted,

                                                       Carlos Sanchez a/k/a
                                                       Mario Agudelo
                                                       O.C.C.C.
                                                       1Administration Road
                                                       Bridgewater, Mass.
                                                                  02324-3230

### Verification of Facts

I Carlos Sanchez a/k/a Mario Agudelo, hereby swear that the fgollowing facts are true to the best of my knowledge and Beliefs and I sign this under the pains and penalties of perjury signed on this _5_ day of May, 2004

                                                         Carlos Sanchez a/k/a
                                                        Mario Agudelo