

U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Carlos Sanchez aka Mario Agudelo
Din #: W44678      -  A29-701-647
Old Colony Correctional Center
1 ADMINISTRATION RD
BRIDGEWATER, MA 02324-3230

Office of the District Counsel/BOS
P.O. Box 8728
Boston, MA 02114

EXHIBIT 8

Name: *S-AGUDELO-SANCHEZ, CARLOS MARIO          A29-701-647

Date of this notice: 02/27/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    GRANT, EDWARD R.

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:  A29 701 647 - Boston

Date: FEB 27 2004

In re: CARLOS MARIO AGUDELO-SANCHEZ

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ORDER:

PER CURIAM. The respondent is alleging he is appealing from an Immigration Judge's denial of a motion to reopen that was rendered on June 27, 2003. However, our records reflect that the Immigration Judge last entered a decision in this case on January 21, 1992. It appears that the date, June 27, 2003, is the date of the Immigration Judge's letter to the respondent in which the Immigration Judge informs the respondent that there was no need to reopen proceedings in order to issue a new order of deportation.[1]

Insofar as we were to construe this as an appeal of the Immigration Judge's January 21, 1992, decision, we would find the appeal to be untimely. The Notice of Appeal (Form EOIR-26) was required to be filed within 10 days of the Immigration Judge's oral decision or 13 days of the mailing of a written decision. In the instant case, the Immigration Judge's decision was rendered orally on January 21, 1992. Accordingly, the appeal was due at the Immigration Court on or before January 31, 1992. The record reflects, however, that the Notice of Appeal was received by the Board on September 29, 2003.[2] Accordingly, we find the appeal is untimely. The Immigration Judge's decision is accordingly now final, and the record is returned to the Immigration Court without further action. *See* 8 C.F.R. §§ 1003.3 (a), 1003.38, 1003.39, 1236.6, 1236.7, 1242.20, and 1242.21 (1996). *See also* 8 C.F.R. § 1003.13 (defining "filing" and "service").

FOR THE BOARD

---

[1] It appears from the record that the respondent was only requesting the Immigration Judge to reopen proceedings in order for him to be deported to his homeland in Colombia.

[2] The Notice of Appeal (Form EOIR-26) was designed by the Board of Immigration Appeals for parties to provide pertinent information regarding their *disagreement* with an Immigration Judge's decision. However, we note from the appeal package that the respondent's primary purpose for filing an appeal with the Board on September 29, 2003 was to obtain immediate removal and return to his home country in Colombia and not to dispute the Immigration Judge's January 21, 1992, decision, ordering him deported to Colombia.