```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

Carlos Sanchez,                )
          Petitioner,          )
                               ) Civil Action No. 04-10912-DPW
     v.                        )
                               )
John Ashcroft, et al.,         )
          Respondents.         )
```

<u>MEMORANDUM AND ORDER</u>

On May 7, 2004, petitioner Carlos Sanchez filed a "Motion for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241. For the reasons set forth below, the habeas petition will be dismissed in 42 days from the date of this Order unless petitioner first shows good cause as to why the petitions should not be dismissed.

<u>ALLEGED FACTS</u>

Petitioner, a native of Columbia, is currently confined at Old Colony Correctional Center. Petition ¶ 1. The petition names the following respondents: Attorney General John Ashcroft, David Mac Donald of the U.S. Marshal Service, the Department of Homeland Security (formerly the Immigration and Naturalization Service), and Christine Hillman, a records keeper for the Massachusetts Department of Correction.

In 1987, petitioner was convicted pursuant to state law for "aggravated felonies." Petition ¶ 6. During his

1

incarceration, the Immigration and Naturalization Service initiated removal proceedings against him. Petition ¶ 7. On January 21, 1992, an immigration judge ordered him removed pending completion of his state sentence. Petition ¶ 14.

On September 22, 1995, petitioner was released from state prison on probation. Petition ¶ 9-10. The I.N.S. did not take him into custody at that time. Petition ¶ 13. Petitioner claims that the records keeper at the state prison, defendant Christine Hillman, told him that he was not subject to any "warrants or orders for deportation" and released him to the street. Petition ¶¶ 8-9. Petitioner also claims that defendant Hillman never properly informed him of the condition(s) of his probation. Petition ¶ 10-12, 34-35. Petitioner vaguely alleges that in March, 1998, he violated an unspecified condition of his probation, and that, as a result, he is now back in state custody serving the remainder of his sentence (10-15 years). Petition ¶ 11-12.

Although the petition is somewhat vague, Mr. Sanchez's primary complaint appears to be that the defendants wrongfully failed to "cross check each others acts" in order to ensure that he was removed from the United States upon his probationary release from state prison in September, 1995. Petition ¶ 34. Petitioner asserts that "but for the error [of

the defendants] [he] would have been returned to Columbia, and the alleged probation would be null and void. [He] would not be serving a sentence of 10 yrs to 15 yrs for probation violation." Petition ¶ 28.

Petitioner's sole request for relief is for an order "to expeditiously remove and deport him to his native land Columbia." Petition at p. 8. Petitioner does not challenge the removal order itself, nor does he specifically challenges his state conviction or the revocation of his probation.

## DISCUSSION

I. This Action May Be Screened

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994). In this case the petition is subject to dismissal for the

reasons below.

II. The Petition Is Subject To Dismissal Because Petitioner Is Not "In Custody" For The Purposes Of 28 U.S.C. § 2241

In relevant part, Section § 2241(c)(1) states that a writ of habeas corpus shall not extend to a prisoner unless "he is in custody under or by color of the authority of the United States...." 28 U.S.C. § 2241(c)(1). In this case, relief is not available to petitioner under § 2241 because he is in state custody on a matter unrelated to his immigration status, and is therefore not "in custody under or by color of the authority of the United States" as required by 28 U.S.C. § 2241(c)(1). See e.g., Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (prisoner serving sentence for drug crimes could not bring § 2241 petition challenging immigration proceedings until released from his term of confinement and placed in custody of the I.N.S.); Thompson v. I.N.S., 941 F. Supp. 30, 31-32 (W.D.N.Y. 1996) (prisoner serving sentence for crime unrelated to immigration status is not "in custody" of I.N.S. and could not file § 2241 petition to challenge I.N.S. action until he had served his criminal sentence).

III. The Petition Is Subject To Dismissal Because Petitioner Has Not Alleged That He Is Being Held In Violation Of Federal Law

Moreover, even if petitioner were "in custody" for the purposes of § 2241, the petition would nevertheless be subject

to dismissal because petitioner has not alleged that he is being held "in violation of the Constitution, laws or treaties of the United States," as required by 28 U.S.C. § 2241(c)(3). See Rose v. Hodges, 423 U.S. 19, 21 (1975) ("[a] necessary predicate for granting of federal habeas relief...is a determination by the federal court that their custody violated the Constitution, laws or treaties of the United States"). Petitioner has made no allegations to support a claim that he is being held in violation of any federal statutory or constitutional provision.

    At best, petitioner appears to be asserting a violation of a right to immediate removal from the United States. However, petitioner has no recognized right to compel his immediate removal, and accordingly, this petition is subject to dismissal.  8 U.S.C. § 1231(a)(4)(D) ("No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien"); Gonzalez v. United States, 883 F. Supp. 1, 2 (D.P.R. 1995)(alien has no private cause of action against the I.N.S. to expedite deportation proceedings) (decided under former 8 U.S.C. § 1252).  See Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997)(alien has no private cause of action for INS's

failure to expedite deportation)(decided under former § 1252); Giddings v. Chandler, 979 F.2d 1104, 1110 (5th Cir. 1992)(Attorney General owes no duty to an alien with respect to timing of deportation proceedings) (decided under former § 1252).  See also former 8 U.S.C. § 1252(h)(1994)(repealed 1996) ("an alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement."); 8 U.S.C. § 1231(a)(4)(A) ("...the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment").

## CONCLUSION

For the foregoing reasons, this action will be dismissed in 42 (forty-two) days from the date of this Order unless petitioner shows good cause before that date why it should not be dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 25th day of May, 2004

                                    s/ Douglas P. Woodlock
                                  UNITED STATES DISTRICT JUDGE