United States District Court
District of Massachusetts

Carlos Sanchez
    Petitioner

v.                                                                   C.A. No. 04-10912-DPW

John Ashcroft
    Respondent's et, al.

Petitioner's Reply to the Memorandum and Order
Of the Court Dated, May 25, 2004, Woodlock, J.

    The Petitioner Carlos Sanchez, replies to the Court's Order dated May 25, 2004 by the Honorable Justcie Woodlock.
    The Petitioner states that Justice Shapiro, of United states Immigration Court issued an order for removal and Deportation on January 21, 1992, that upon the petitioners release and/or the completion of the Five years to Ten years sentence that he was presently serving, that the petitioner would be deported back to Columbia.
    The petitioner had no knowledge of any probation, or condition of probation until the petitioner was arrested, and after his probation surrender hearing in March of 1998, and the petitioner was return to prison, he received and alleged notice of probation from "Hillman" mailed to an address that was not the petitioner.
    The only facts the petitioner can swear to is that, Justcie Shapiro , did order the petitioner to removed and deported back to his native country Columbia upon the release of the sentence he was presently serving and expired on September 22, 1995.

-1-

Upon the expiration of the petitioner's sentence, NO ONE, [INS, Attorney General, or DOC] attempted to execute the order and detainer for removal and deportation, in removing the petitioner, upon the completion of said sentence either through parole or expiration. The petitioner was never held for deportation to to the advertant act of "Hillman" and "INS".

Because the sentence was expired on September 22, 1995, "Hillman stated ther were no Warrants Detainer, Order's lodged against the petitioner. Further stated that the were no order for deportation.

Although the petitioner, inability to speak enjlish with a complete understanding, he is forced to seek legal assistance from prison litigators. The petitoner through assistance, has obatin Counsel with the Committee of Public Counsel Service, is actively appealing the Probation surrender and revocation violation, which caused the 10 years to 15 years sentence to be imposed.

Furthermore the petitioner states that he should of been in the Custody of Immigration and Naturalization Services, on the expiration and the completion of his 5 yrs. to 10 yrs. sentence on September 22, 1995.

Because the petitioner was released from confinement, "INS" must execute the order for removal and to deport the petitioner pursuant to the order by Justice Shapiro. Moreover, "Hillman" advertant act, derogated her duties as the record keeper pursuant to M.G.L. c 268 S 6A.

The petitioner, was at MCI Norfolk, all relavant times prior to the Hearing for removal, and after the order was issued and a true attested copy was lodge in the petitioner's six part folder.

The Petitioner was ordered removed and deported, upon the completion of the 5 yrs to 10 yrs sentence he was presently servingon January 21, 1992. Shapiro, was aware of the suspend sentence 10 yrs to 15 yrs sentence with probation.

Shapiro still order the petitioner removed and deported upon the completion of the 5 yrs to 10 yrs sentence he was serving at the date of deportation hearing, via parole or expiration of said sentence, which expired September 22, 1995.

The petitioner respectfully moves this Honorable court to issue an order to expedite the petitioner's order for removal and deportation, because of the error of "Hillman" the Record Keeper for the Department of Correction, derogated her duties pursuant to M.G.L. c 268 § 6A, and caused the petitioner to serve additional time in failing to preform her duties, and not keeping proper records.

"Hillman" actions or inactions denied the petitioner his due process protection. Because "Hillman" never informed the petitioner about probation and any conditions of probation upon his release from custody. Moreover, the petitioner knew that he was to be deported to Columbia. But "Hillman" insisted that there was not detainers from "INS", nor did she inform the petitioner as to probation. Furthermore "INS" and "Ashcroft" has a diligent duty to take the petitioner into their custody upon his release from the "DOC" pursuant to the Courts Order on January 21, 1992, Shapiro, J.

As stated previously, the petitioner was released from custody and confinement on September 22, 1995 [ Petition Exhibit 7 ]. It wasn't until the arrest of the petitioner for the probation violation. Then on March 18, 1999 the petioner received his probation sureender hearing.

The petitioner is being held in violation of federal laws, treaties and the constitution. Pursuant to Shapiro's Order on january 21, 1992. Which states that the "Sanchez"

will be removed and deported upon release of sentence the petitioner was presently serving at the time of [Shapiro's] order on January 21, 1992. Under the former 8 U.S.C. S 1252 and S 1227 (a) (2) (A) (iii), "Ashcroft" "INS" and United States Marshall Services has a diligent duty to take the petitioner into custody upon the completion of his sentence pursuant to the order either via parole or the expiration of said sentence.

The petitioner asserted his claims to "Hillman" about the deportation order. "Hillman the record keeper for the "DOC" had derogated in her duties in falsely executing the filesand releasing the petitionerin his own custody. The Immigration Court, Justice Shapiro ordered the petitioner's removal and deportation to Columbia, upon the completion of said sentence which expired on September 22, 1995.

"INS", "Ashcroft and "MAC Donald" has a diligent duty to execute the removal order. Their failure to comply with the Order of the I.J. Shapiro, did violate the petitioners rights. The Petitioner has the right to be returned to his native country Columbia, pursuant to the order. Further more, when the petitioner filed his motion to re-open and/or reconsiderationbased on the documented evidence showing that "Hillman" falsely executed the files, denying that there was no detainer or order for removal and deportation of the petitioner "Sanchez" fro return to Columbia.

The Petitione filed his motion on 5/30/03 with the Imigration Court. At aproximately 1:20 PM on 6/24/03 "Mac Donald" had visited "Sanchez" at Old Colony Correctional Center. "Mac Donald" did speak with the petitoner, without an interpretor, had threaten the petitioner about the allegation in his motion and told to withdraw , because the case will not be re-opened. "Mac Donald" further stated that because of all the errors that were made with the execution of the order to deport. That when the petitioner becomes eligible for parole the "Mac Donald stated he may be able to help.

-4-

"Ashcroft" has a diligent duty, to take custody of the petitioner, pursuant to the order date 1/21/92, upon the completion of the petitioner sentence and release form the custody the "DOC". Because of the errors and failure of each of the respondent the petitioner is forced to serve additional prison sentence [10yrs to 15 yrs] for a probation violation that all parties caused, for their failure to execute the order for removal and deportation.

Each of the respondent derogation of their duties, denied the petitioner his right to be returned to Columbia. The petitioner states u-like the case In <u>Bamba v. Riley,</u> 366 f3d 195, 199 ( 2004), the court stated that under 8 U.S.C.§1228 and § 1227 (a) (2) (A) (iii) the LANGUAGE DICTATES A CONCLUSION OF THE EXPEDITED REMOVAL Provision applies to all aliens convicted of aggrevated felonies who are not lawfully admitted for permenant residency, including parolees. see, <u>Bamba v. Elwood,</u> 252 F.Supp. 2, 1952003 WL 1563235 at 11 (E.D.Pa. Mar 31, 2003) the plain language of 8 U.S.C.§1228 (b) does appear to suuport the interpretation § 1228 (b) (1) aplies "in this case of an alien described in paragraph (2) who convicted an aggrevated felony, 8 U.S.C. § 1228 (b) (1) and paragraph (2) describes such an alien as one who "was not lawfully admitted for permenant residence at the time oat which the proceedings under this section commenced.

The Petitioner was order removed, and his sentence expired on September 22, 1995 (Petition Ex 7 and 8), he was released from custody from the Massachestts Department of Correction [Hillman]. Pursaunt to the laws and Order the petitioner should have been removed and deported, instead of receiving a probation surrender hearing. [See Shapiro order January 21, 1992].

The Petitioner states that unlike <u>Thompson v. INS</u>, 941 F. Supp. 30, 31-32 (1994. The "DOC never sought to place the petitioner in the Custody of "INS". Pursaunt IJ. Shapiro's order dated January 21, 1992, that the petitioner be removed and deport, upon the completion of the sentence presently serving, via parole of expiration of said sentence

Whereas, "Hillman", failure to keep and properly execute files that were not false, caused the petitioner to serve an additional sentence. Failure's of "INS", "Mac Donald" and "Ashcroft to execute the detainer order, when the petitione was released from custody on Septemeber 22, 1992.

The petitioner has set forth facts in his petition, and reiterates facts. The petitoner moves theis Honorable to to allow his petition. Because he seek only what the IJ Shapiro order his removal upon completion of said sentence which expired on September 22, 1995. Unlike the Cases in <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). McFarland was seeking a stay of execution of his sentence. In the Case <u>Marmol v. DuBois</u>, 855 F. Supp. 444. 446 (1994). Here Marmol was seeking relief from the denial of his motion for new trial.

The petitoner is only seeking an expedited removal, which should have been done almost nine years ago. Whereas the peteitioner should have been in the custody of "INS" or the U.S. Marshall Services on September 25, 1995. The Fact that the Massachusetts Correction Departmentrecord Keeper failed to properly execute the files pursuant to M.G.L. c 268 § 6A.

The Petitioner further states that he was released from custody, unlike Channer v. Ha<u>ll</u>, 112 F3D 214, 216 (1997) As Channer was never out of custody. The petitioner was released from custody and never placed within the custody of "INS". Furthermore the petitioner is not looking for damages, as in <u>Channer</u>, supra. He only seeks to be deported expeditiously and make the date NUNC PRO TUNC now for then to rflect the date the petitioner was released from custody Septemeber 22, 1995.

-6-

The petitioner states that his imprisonment was terminated on September 22, 1995 [Petition Ex 7]. His sentence expired and he was released from confinement. U.S Marshall Services or "INS" never sought to execute the detainer nor take the petitioner into custody. The respondent actions and inactions caused the revoctaion of the petitioner's probation.

The petitioner moves this Honorable Court to Allow his petition to proceed, as the petitioner is entitled relief, but for the errors of each of the respondents actions and inaction to execute the order for removal on September 22, 1995, whern the petitioner was released from custody. see, [Petition EX 7 and 8].

The petitioner further seek before this Honorable Court Summarily Dismiies this action, that in the alternative this action be sent to the First Circuit Court of Appeals from the denial of the Bureau of Immgration Appeals. see [Petition Ex 8 and 9].

The Petitioner respectfully request and moves this Honorable Court to proceed , and that the Court issue an order NUNC PRO TUNC, returning the order to the effective date of the petitioner's release September 22, 1995, that he should have been in the custody of "INS" for removal and deportation

For the foregone reason stated herein and in the petition Moves this Honorable Court to Allow his Petition

Respectfully Submitted,

Date July 1, 2004

Carlos M Sanchez
Carlos Sanchez
A/K/A Mario Agudelo
O.C.C.C.
1 Administration Road
Bridgewater, Mass. 02324-3230