UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS SANCHEZ
    PETITIONER

V.                                                    C.A. No.04-10912-WPD

JOHN ASHCROFT
    RESPONDENTS ET, AL.

## PETITIONER'S SUPPLEMENTAL ARGUMENT

THE PETITIONER SANCHEZ MOVES THIS HONORABLE COURT TO HEAR HIS SUPPLEMENTAL ARGUMENT. IN THE DECISION PEREZ-GONZALEZ V. ASHCROFT, 379 F3D 783, 786 (2004). THE PETITIONER HERE ASKED THE COURT TO REOPEN THE CASE. WHEREAS THE I.J. SHAPIRO ISSUED AN ORDER FOR REMOVAL AND DEPORTATION UPON THE COMPLETION OF HIS SENTENCE EITHER PAROLE OR DISCHARGE. THE PETITONER SENTENCE EXPIRED ON SEPTEMBER 22, 1995. THE ORDER WAS ISSUED BY SHAPIRO ON JANUARY 21, 1992.

THE FORMER I.N.S. NOW HOMELAND SECURITY FAILED TO EXECUTED THE WARRANT AND ORDER FOR DEPORTATION. THE DEPARTMENT OF CORRECTION [DOC] FAILED TO HOLD THE PETITIONER IN THEIR CUSTODY FOR INS, BECAUSE THEY ALLEGED THERE WAS NO ORDER FOR REMOAVL AND DEPORTATION. AT ALL TIMES RELEVANT TO THE ORDER ISSUE BY I.J. SHAPIRO ON JANUARY 21, 1992, THE PETITIONER WAS INCARCERATED AT MCI-NORFOLK.

HE PETITONER, NEVER LEFT THE UNITED STATES, UPON HIS RELEASE FROM CUSTODY WITH THE MASSACHUSETTS DEPARTMENT OF CORRECTION ON SEPTEMBER 22, 1995. NOR DID I.N.S TAKE THE PETITIONER INTO CUSTODY, UPON THE EXPIRATION OF HIS SENTENCE. I.N.S. FAILED TO EVEN EXECUTE THE ORDER OF REMOVAL AND DEPORTATION, PURSUANT TO I.J. SHAPIRO'S ORDER ISSUED ON JANUARY 21, 1992, A DETAINER FOR REMOVAL AND DEPORTATION OF ONE: CARLOS MARIO AGUDELO SANCHEZ TO BE RETURNED TO HIS NATIVE COUNTRY COLUMBIA.

THE PETITIONER, MOVED TO REOPEN THE CASE BEFORE THE IMMIGRATION COURT. THE PETITIONER NEVER WAS BROUGHT BEFORE THE IMMIGRATION COURT TO EXPLAIN HIS SITUATION OF THE PROBATION SURRENDER, WHICH WAS CAUSED FOR HIS FAILURE TO REPORT TO THE PROBATION DEPARTMENT IN CAMBRIDGE. FIRST THE PETITIONER NEVER KNEW OF PROBATION OR IT'S STIPULATION OF PROBATION. SECONDLY THE PETITIONER ASSUMED THAT THE I.N.S. WOULD BE TAKING HIM BACK TO HIS NATIVE COUNTRY COLUMBIA.

THE PETITIONER ONLY PETITIONED THE COURT TO REOPEN, SO THAT THE COURT COULD EXPEDITE THE ORDER FOR REMOVAL. THE PETITIONER ORDER SHOULD HAVE BEEN EXECUTED ON SEPTEMBER 22, 1995, WHEN THE SENTENCE EXPIRED. UNLIKE THE COURTS IN <u>PEREZ-GONZALES V. ASHCROFT</u>, 379 F3D 783, 787 (2004) THE PETITIONER IS NOT LOOKING FOR REINSTATEMENT, JUST TO EXECUTE THE ORDER ISSUED 1/22/92. EVEN IF THE PETITONER WAS REQUESTING THE COURT FOR REINSTATEMENT HIS ARGUMENT IS NOT FORECLOSED.

SEE, <u>GALLO-ALVAREZ V. ASHCROFT</u>, 266 F3D 1123 (2001), BECAUSE THE PREDICATE ORDER WAS ENTERED PRIOR TO 1996. ID. AT 1129.

THE PETITIONER ORDER WAS NEVER STAYED. JUST FAILURE BY THE I.N.S. TO EXECUTE THE ORDER FOR REMOVAL. THE PETITIONER ASSUMED HE WAS SUBJECT TO REMOVAL AT ANY TIME. SEE, <u>PATEL V. ASHCROFT</u>, 378 F3D 610, 611 (2004); <u>SOFNET V. I.N.S.</u>, 188 F3D 703, 706 (1999); <u>AL NAJJAR V. ASHCROFT</u>, 273 F3D 1330, 1338 n. 6 (2001).

THE PETITIONER IN MAY OF 2003, FILED TO REOPEN THE CASE SO THAT THE IMMIGRATION TO EXEPEDITE THE DEPORTATION ORDER, BECUASE OF THE FAILURE OF I.N.S. TO EXECUTE THE REMOVAL AND DEPORTATION ORDER OF THE PETITIONER. BUT FOR THE FAILURE TO EXECUTE THE ORDER ISSUED ON JANUARY 21, 1992 , I.N.S. NEVER SOUGHT TO HOLD THE PETITIONER IN THEIR CUSTODY, THOSE ACTION CAUSED A MISCOMMUNICATION FOR THE PETITIONER.

THE PETITIONER HAS NEVER DEPARTED FROM THE UNITED STATES AFTER THE ISSUANCE OF I.J. SHAPIRO'S ORDER, THUS THE STATUE DOES NOT PROVIDE FOR THIS PETITIONER TO REMAIN IN THIS COOUTRY AFTER SEPTEMBER 22, 1995. I.N.S. IS NOT THE ONLY AGENCY THAT FAILED. THE MASSACHUSETTS DEPARTMENT OF CORRECTION ALSO ERRED. THEY ALLEGED THAT THERE WAS NO DETAINER AND ORDER FOR DEPORTATION. FURTHERMORE THE D.O.C. ALLEGED THAT THE PETITIONER HAD NO OUTSTANDING WARRANTS LODGED AGAINST OR ANY PROBATION. FIVE (5) DAYS LATER. MS. CHRISTINE HILLMAN HAD SENT NOTICE TO AN ADDRESS FOR THIS PETITIONER TO REPORT TO MIDDLESEX SUPERIOR

COURT IN CAMBRIDGE, MASS. THE PROBATION DEPARTMENT.

THE PETITIONER NEVER RECEIVED THE NOTICE FROM THE RECORDS KEEPER CHRISTINE HILLMAN FOR THE MASS. DEPT. OF CORRECTION, UNTIL HIS RETURN TO PRISON. THEN UPON BEING ARRESTED THE POLICE NOTICE THAT THERE WAS A DEPORTATION DETAINER WARRANT TO REMOVE AND DEPORT, AS WELL AS A PROBATION DETAINER. IN MARCH OF 1999, THE PETITIONER PROBATION WAS SURRENDERED AND I WAS FORCED TO SERVE THE SUSPENDED SENTENCE THAT SHOULD HAVE BEEN NULL AND VOID, UPON THE DEPORTATION OF THE PETITIONER.

THE PETITIONER STATES, THESE ARE EXTREME CIRCUMSTANCES, AND THIS VIOLATION CAN BE CONSTRUED AS DELIBERATE. NOT ONLY DID I.N.S. ERRED, THE MIDDLESEX COUNTY PROBATION DEPARTMENT, AND MASSACHUSETTS DEPT. OF CORRECTION. THE PETITIONER ONLY SEEKS AN EXPEDITIOUS ORDER OF REMOVAL AND DEPORTATION WHICH WAS INITIALLY ISSUED BY I.J. SHAPIRO ON JANUARY 21, 1992. THE PETITIONER WAS ORDERED TO BE RETURNED TO HIS NATIVE COUNTRY COLUMBIA, AND HE MOVES THIS COURT TO DO IT NUNC PRO TUNC.

THE PETITIONER WAS NEVER REMOVE, THUS HE PETITIONS THIS COURT TO REMOVE HIM PURSAUNT TO THE ORDER. THE PETITIONER ONLY SOUGHT TO REOPEN THIS MATTER SO THAT THE IMMIGRATION COURT, OR THE BOARD OF IMMIGRATION APPEALS WOULD NUNC PRO TUNC THE ORDER BACK TO THE EFFECTIVE DATE THAT IT OUGHT TO HAVE BEEN DONE, SEPTEMBER 22, 1995.

THE PETITIONER, HAS NEVER BEEN REMOVED, NOR DID THE PETITIONER REAPPLY TO RE-ENTER OR A STAY, OR REINSTATEMENT, OR RETROACTIVITY. THE PETITIONER SOUGHT AN EXPEDITIOUS ORDER FOR REMOVAL NUNC PRO TUNC, PURSUANT TO THE ORDER ISSUED ON JANUARY 21, 1992, BY I.J. SHAPIRO. SEE, JOHNSON V. ASHCROFT, 378 F3D 164, 167, 169-71 (2004). THE PETITIONER SOUGHT TO REOPEN ON MAY OF 2003, THEN MOVED B.I.A., AND NOW HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2241. THE PETITIONER MOVES THIS COURT TO EXPEDITIOUSLY REMOVE AND DEPORT, HIM NUNC PRO TUNC. SEE, PEREZ-GONZALES V. ASHCROFT, 379 F3D 783, 794 (2004) and 8 C.F.R.

THE RESPONDENT FAILED IN THEIR DUTIES TO EXECUTE THE ORDER FOR REMOVAL, WHEN THE PETITIONER WAS RELEASED ON SEPTEMBER 22, 1995. THE RESPNDENTS [D.O.C.] ERRED WHEN THEY STATED THAT THERE WAS NO DETAINER FOR REMOAVL AND DEPORTATION, AND FAILED TO INFORM THE PETITIONER OF PROBATION AND ANY STIPULATION OF PROBATION.

**WHEREFORE:** THE PETITIONER MOVES THIS HONORABLE COURT TO GRANT HIS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241, AND ORDER THE RESPONDENT TO EXECUTE THE ORDER FOR REMOVAL AND DEPORTATION NUNC PRO TUNC TO THE EFFECTIVE DATE WHEN IT OUGHT TO HAVE BEEN DONE., SEPTEMBER 22, 1995. THE PETITIONER PRAYS FOR RELIEF TO BE GRANTED.

DATE October 1/2004

RESPECTFULLY SUBMITTED,

*Carlos N. Sanchez*
CARLOS SANCHEZ A/K/A
MARIO AGUDELO
1 ADMINISTRATION ROAD
BRIDGEWATER, MASS.
02324-3230

CERTIFICATE OF SERVICE
I CARLOS SANCHEZ, HEREBY CERTIFY THAT A TRUE AND COMPLETE COPY OF THE FOREGONE SUPPLEMENTAL ARGUMENT HAS BEEN SERVED ON THIS COURT BY FIRST CLASS PRE-PAID MAIL ON THIS __1__ DAY OF OCTOBER, 2004.

*Carlos N. Sanchez*
CARLOS SANCHEZ

CC: FILE
U.S. DIST. CT./ CLK.
U.S. ATTY GEN.