UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
CARLOS SANCHEZ,                )
          Petitioner,          )
                               )
          v.                   )  C.A. No. 04-10912-DPW
                               )
JOHN ASHCROFT, et al.,         )
          Respondent.          )
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, this action is dismissed.

<u>BACKGROUND</u>

Carlos Sanchez, a native of Columbia and an inmate currently confined at Old Colony Correctional Center, commenced this action in May of this year by filing a petition for a writ of habeas corpus under Section 2241. Sanchez alleged that in 1992, while completing a state sentence, he was ordered removed. Petition, ¶¶ 7-35. He claimed that upon his release in 1995, he should have been immediately deported to Columbia. <u>Id.</u> Instead, Sanchez asserts that he was unaware that his sentence carried a probationary component due to alleged errors of communication amongst and between himself, the Department of Correction, and the former Immigration and Naturalization Service, and that after his release, he was subsequently returned to prison for violating the terms of his probation. <u>Id.</u> It appears that Sanchez is presently incarcerated based on this probation violation. <u>Id.</u> Sanchez seeks an order directing his immediate removal. <u>Id.</u>

In an order dated May 25, 2004, I directed Sanchez to demonstrate good cause, within 42 days, why this action should not be dismissed because (1) it appeared that Sanchez was not "in custody" of Immigration and Customs Enforcement, the successor agency to the INS; and (2) because his petition raised no issue of constitutional or statutory law for purposes of habeas jurisdiction.  On July 15, the Court received a response to the order to show cause from Sanchez, and on October 5, Sanchez supplemented that response with a further response.[1]

## ANALYSIS

Even assuming that Sanchez is in the "custody" of Immigration and Customs Enforcement for purposes of habeas jurisdiction,[2] this action is still subject to dismissal for

---

[1]Petitioner's response was due on or before July 6, 2004. Because Sanchez signed the petition on July 1, 2004, and indicated that he mailed it to the Court on that day, I will consider the response to be timely filed under the "prison mailbox" rule.  See, e.g., Houston v. Lack, 487 U.S. 266, 271 (1988) (pro se prisoner's notice of appeal deemed filed when submitted to prison authorities for mailing to the district court); Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999) (applying prison mailbox rule of Houston to § 2254 and § 2255 petitions).

[2]The First Circuit has not yet had an occasion to render an opinion on whether habeas jurisdiction exists over a petitioner who is currently serving a state sentence and subject to a final order of removal if he is not challenging the order of removal and his future custody, but is instead challenging the Attorney General's alleged delay in executing the order.  Cf. Duamutef v. INS, No. 03-2450, 2004 WL 2211597 at *4 (2d Cir. Sep. 23, 2004) (declining to decide the

failure to state a claim, and nothing in Sanchez's response or
supplemental response requires a different result.

The underlying premise of Sanchez's claims, that alleged
errors by governmental entities in communicating the terms of
his probation to him and failing to execute his deportation
order upon his initial release in 1995 should somehow nullify
his probation violation and require his immediate removal, is
without merit.[3]  ICE, as the Attorney General's designee, has

_____

issue and dismissing on other grounds); <u>United States v. Female
Juvenile, A.F.S.</u>, 377 F.3d 27, 36 n. 13 (1st Cir. 2004) (stating in
dicta that a detainer, together with a final order of removal, may
suffice to place the alien in the legal custody of the INS even if
the alien is physically detained somewhere else).
    The majority of the circuits have held that the issuance of a
detainer, standing alone, is insufficient to amount to custody by
Immigration and Customs Enforcement, <u>see, e.g.</u>, <u>Zolicoffer v. United
States Dep't of Justice</u>, 315 F.3d 538, 540-541 (5th Cir. 2003)
(collecting cases and agreeing with the majority of circuits that,
where there was no contention "that the INS actually has ordered [the
alien's] deportation," the existence of an immigration detainer does
not amount to custody), but at least two circuits have held that a
final order of removal is sufficient to place an alien in the
"custody" of ICE for purposes of challenging that future custody.
<u>See</u> <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir.
1994)(because prisoner had a detainer plus a final order of
deportation against him, he was in INS "custody" for habeas
purposes); <u>Simmonds v. INS</u>, 326 F.3d 351, 355 (2d Cir. 2003) (final
order of removal for state prisoner still completing state sentence
created "custody" by INS; but declining to review claims due to lack
of ripeness).

    [3]Sanchez does not challenge his parole revocation in his
petition, and it apparently is still subject to state review
proceedings.  <u>See</u> Docket No. 5, Petitioner's Reply, at p. 2
(stating that he is "actively appealing his probation
surrender and revocation violation.); <u>cf.</u> <u>O'Sullivan v.
Boerckel</u>, 526 U.S. 838, 842 (1999) (before a federal court can

broad discretion in deciding whether and when to pursue

deportation against an alien.  Costa v. INS, 233 F.3d 31, 37

(1st Cir. 1999) (citing Reno v. American-Arab

Anti-Discrimination Comm., 525 U.S. 471, 483-85 (1999)).  An

alien illegally in the United States cannot force his removal

by the simple expedient of calling attention to his status and

demanding immediate action.  Id.; cf. American-Arab

Anti-Discrimination Comm., 525 U.S. at 484-485 (§ 1252(g) bars

courts from hearing claims arising from decision or action by

Attorney General to commence proceedings, adjudicate cases, or

execute removal orders against any alien); Limas v. McNary,

799 F. Supp. 1259, 1261-1263 (D. Mass. 1992) (alien has no

private right of action to seek immediate removal,

interpreting provisions of the former § 1252(i) (requiring INS

to bring deportation proceedings as "expeditiously" as

possible after an alien's conviction)).

 Habeas jurisdiction does not exist over the discretionary

determinations of the Attorney General or ICE which Sanchez

---

entertain a petition for writ of habeas corpus, a state prisoner must
exhaust his state remedies by presenting his claims fully and fairly
to the state courts.); Allicon v. Spencer, 29 F. Supp. 2d 45,48 (D.
Mass. 1998) (dismissing, in order to exhaust all state remedies, a
petitioner must present each federal-law issue underlying each claim
in his habeas petition to the Supreme Judicial Court directly or in
an application for leave to obtain further appellate review); 28
U.S.C. § 2254(b)(1) (exhaustion requirement).

now challenges.  St. Fort v. Ashcroft, 329 F.3d 191, 203 (1st

Cir. 2003) (a district court may review a refusal by the BICE

to even consider an alien for a form of statutory relief, but

an alien may not challenge through a habeas petition the

agency's decision to exercise or not exercise its discretion);

Carranza v. INS, 277 F.3d 65, 72 n. 6 (1st Cir. 2002) ("Purely

legal questions are suitable for habeas review because

answering them does not necessitate second-guessing the

agency's factual findings or the Attorney General's exercise

of her discretion.") (citations omitted).  Nor does any theory

of equitable relief support Sanchez's claims.  Costa, 233 F.3d

at 38 (affirming dismissal; equitable estoppel did not apply

because there was (1) no "affirmative misconduct" where INS

was not required to commence deportation; and (2) no showing

of detrimental reliance because an alien has no right to "call

the tune" as to when ICE may commence his deportation and thus

no right of reliance).

<u>CONCLUSION</u>

    For the foregoing reasons, this action is DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>21st</u> day of <u>October</u>, 2004.

                          s/ Douglas P. Woodlock
                          DOUGLAS P. WOODLOCK
                          UNITED STATES DISTRICT JUDGE