**Case Name: Sanches v. Ashcroft et al**

**Case Name: Sanches v. Ashcroft et al**

**Case Number: 1:04-cv-10912**

Carlos Sanches
O.C.C.C.
1 Adminstration Rd.
Bridgewater, MA 02324-3230

**Case Name: Sanches v. Ashcroft et al**

**Case Number: 1:04-cv-10912**

Carlos Sanches
O.C.C.C.
1 Adminstration Rd.
Bridgewater, MA 02324-3230

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Greenberg, Rebecca entered on 10/22/2004 at 10:51 AM EDT and filed on 10/22/2004
Case Name:  Sanches v. Ashcroft et al
Case Number: 1:04-cv-10912
Filer:
WARNING: CASE CLOSED on 10/22/2004
Document Number: 9

Docket Text:
Judge Douglas P. Woodlock : ORDER entered:ORDER DISMISSING CASE(Greenberg, Rebecca)

The following document(s) are associated with this transaction:

Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=10/22/2004] [FileNumber=715763-0
] [4c9d1a3e0d8d4916a81acb42fb247e8f55f1f4af4f5a1f81e5fd207eeea4bdbe473
e773841626123077c3af230c591267e74d29f0cc509f120e0edf81352ce08]]

1:04-cv-10912 Notice will be electronically mailed to:

1:04-cv-10912 Notice will not be electronically mailed to:

Carlos Sanches
O.C.C.C.
1 Adminstration Rd.
Bridgewater, MA 02324-3230

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS SANCHEZ,
          Petitioner,     )
                         )
                         )
      v.                 )
                         )  C.A. No. 04-10912-DPW
JOHN ASHCROFT, et al.,     )
          Respondent.    )

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed.

## BACKGROUND

Carlos Sanchez, a native of Columbia and an inmate currently confined at Old Colony Correctional Center, commenced this action in May of this year by filing a petition for a writ of habeas corpus under Section 2241. Sanchez alleged that in 1992, while completing a state sentence, he was ordered removed. Petition, ¶¶ 7-35. He claimed that upon his release in 1995, he should have been immediately deported to Columbia. Id. Instead, Sanchez asserts that he was unaware that his sentence carried a probationary component due to alleged errors of communication amongst and between himself, the Department of Correction, and the former Immigration and Naturalization Service, and that after his release, he was subsequently returned to prison for violating the terms of his probation. Id. It appears that Sanchez is presently incarcerated based on this probation violation. Id. Sanchez seeks an order directing his immediate removal. Id.

In an order dated May 25, 2004, I directed Sanchez to demonstrate good cause, within 42 days, why this action should not be dismissed because (1) it appeared that Sanchez was not "in custody" of Immigration and Customs Enforcement, the successor agency to the INS; and (2) because his petition raised no issue of constitutional or statutory law for purposes of habeas jurisdiction.  On July 15, the Court received a response to the order to show cause from Sanchez, and on October 5, Sanchez supplemented that response with a further response.[1]

<u>ANALYSIS</u>

Even assuming that Sanchez is in the "custody" of Immigration and Customs Enforcement for purposes of habeas jurisdiction,[2] this action is still subject to dismissal for

_____

[1]Petitioner's response was due on or before July 6, 2004. Because Sanchez signed the petition on July 1, 2004, and indicated that he mailed it to the Court on that day, I will consider the response to be timely filed under the "prison mailbox" rule.  <u>See, e.g.</u>, <u>Houston v. Lack</u>, 487 U.S. 266, 271 (1988) (<u>pro se</u> prisoner's notice of appeal deemed filed when submitted to prison authorities for mailing to the district court); <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 110 (1st Cir. 1999) (applying prison mailbox rule of <u>Houston</u> to § 2254 and § 2255 petitions).

[2]The First Circuit has not yet had an occasion to render an opinion on whether habeas jurisdiction exists over a petitioner who is currently serving a state sentence and subject to a final order of removal if he is not challenging the order of removal and his future custody, but is instead challenging the Attorney General's alleged delay in executing the order.  <u>Cf. Duamutef v. INS</u>, No. 03-2450, 2004 WL 2211597 at *4 (2d Cir. Sep. 23, 2004) (declining to decide the

2

failure to state a claim, and nothing in Sanchez's response or supplemental response requires a different result.

The underlying premise of Sanchez's claims, that alleged errors by governmental entities in communicating the terms of his probation to him and failing to execute his deportation order upon his initial release in 1995 should somehow nullify his probation violation and require his immediate removal, is without merit.[3]   ICE, as the Attorney General's designee, has

---

issue and dismissing on other grounds); United States v. Female Juvenile, A.F.S., 377 F.3d 27, 36 n. 13 (1st Cir. 2004) (stating in dicta that a detainer, together with a final order of removal, may suffice to place the alien in the legal custody of the INS even if the alien is physically detained somewhere else).

The majority of the circuits have held that the issuance of a detainer, standing alone, is insufficient to amount to custody by Immigration and Customs Enforcement, see, e.g., Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-541 (5th Cir. 2003) (collecting cases and agreeing with the majority of circuits that, where there was no contention "that the INS actually has ordered [the alien's] deportation," the existence of an immigration detainer does not amount to custody), but at least two circuits have held that a final order of removal is sufficient to place an alien in the "custody" of ICE for purposes of challenging that future custody. See Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (because prisoner had a detainer plus a final order of deportation against him, he was in INS "custody" for habeas purposes); Simmonds v. INS, 326 F.3d 351, 355 (2d Cir. 2003) (final order of removal for state prisoner still completing state sentence created "custody" by INS; but declining to review claims due to lack of ripeness).

[3]Sanchez does not challenge his parole revocation in his petition, and it apparently is still subject to state review proceedings. See Docket No. 5, Petitioner's Reply, at p. 2 (stating that he is "actively appealing his probation surrender and revocation violation.); cf. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (before a federal court can

3

broad discretion in deciding whether and when to pursue deportation against an alien. Costa v. INS, 233 F.3d 31, 37 (1st Cir. 1999) (citing Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 483-85 (1999)). An alien illegally in the United States cannot force his removal by the simple expedient of calling attention to his status and demanding immediate action. Id.; cf. American-Arab Anti-Discrimination Comm., 525 U.S. at 484-485 (§ 1252(g) bars courts from hearing claims arising from decision or action by Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien); Limas v. McNary, 799 F. Supp. 1259, 1261-1263 (D. Mass. 1992) (alien has no private right of action to seek immediate removal, interpreting provisions of the former § 1252(i) (requiring INS to bring deportation proceedings as "expeditiously" as possible after an alien's conviction)).

Habeas jurisdiction does not exist over the discretionary determinations of the Attorney General or ICE which Sanchez

---

entertain a petition for writ of habeas corpus, a state prisoner must exhaust his state remedies by presenting his claims fully and fairly to the state courts.); Allicon v. Spencer, 29 F. Supp. 2d 45, 48 (D. Mass. 1998) (dismissing, in order to exhaust all state remedies, a petitioner must present each federal-law issue underlying each claim in his habeas petition to the Supreme Judicial Court directly or in an application for leave to obtain further appellate review); 28 U.S.C. § 2254(b)(1) (exhaustion requirement).

now challenges. St. Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003) (a district court may review a refusal by the BICE to even consider an alien for a form of statutory relief, but an alien may not challenge through a habeas petition the agency's decision to exercise or not exercise its discretion); Carranza v. INS, 277 F.3d 65, 72 n. 6 (1st Cir. 2002) ("Purely legal questions are suitable for habeas review because answering them does not necessitate second-guessing the agency's factual findings or the Attorney General's exercise of her discretion.") (citations omitted). Nor does any theory of equitable relief support Sanchez's claims. Costa, 233 F.3d at 38 (affirming dismissal; equitable estoppel did not apply because there was (1) no "affirmative misconduct" where INS was not required to commence deportation; and (2) no showing of detrimental reliance because an alien has no right to "call the tune" as to when ICE may commence his deportation and thus no right of reliance).

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. SO ORDERED.

Dated at Boston, Massachusetts, this 21st day of October, 2004.

s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS SANCHEZ,
                    Petitioner,          )
                                         )
                                         )
            v.                           )
                                         )   C.A. No. 04-10912-DPW
JOHN ASHCROFT, et al.,                   )
                    Respondent.          )
                                         )

## ORDER OF DISMISSAL

WOODLOCK, District Judge

    In accordance with this Court's Memorandum and Order entered October 21, 2004, denying the Petition for Habeas Corpus relief under 28 U.S.C. §2241, for the reasons stated therein,  it is hereby ORDERED that the above-entitled action be, and it hereby is, DISMISSED.

                            BY THE COURT,


                            /s/ Rebecca Greenberg
                    Deputy Clerk



DATED: October 22, 2004